PIERCE, Judge.
Appellant James H. Frady was convicted after jury trial of an information charging him with violation of the Florida Drug Abuse Law. He appeals to this Court, con *57 tending principally that the trial Court should have directed a verdict of not guilty or entered judgment of acquittal “based upon the defense of entrapment.” This presupposes that there was no evidence contrary to a conclusion that Frady was entrapped by the police officers. We disagree and affirm.
The testimony of State witness Louis Albach, a Clearwater police officer, is sufficient of itself to make a jury issue. He testified he met Frady while “shooting pool” on June 20, 1969; that an associate of Albach, one Tom Pellium, asked Frady if he could get him “any more blue flats”, another name for the drug L.S.D. Frady replied that he didn’t know but if he couldn’t he would try to get “something heavier, meaning stronger. A stronger dosage of L.S.D.” Albach then asked Frady to “work out a deal” for him to “buy in quantities” at reduced price. Frady asked Albach for five dollars, which Al-bach gave him. Frady later reported back to Albach and Pellium that he had been unable to get “anything” and gave back the five dollar bill. Later the same evening Frady again asked Albach if he had any money, at which time Albach gave Frady five one dollar bills. A short time later Frady came back with the drug, which he gave to Albach. Frady asked Albach if he “would want anymore”. Albach said he would “try this one out, and if it was any good” he would contact Frady later. Frady told him that it would take about a half hour for the drug to take effect and that “his source of supply, or his source, was going to be leaving the beach in about an hour”. Frady left, and soon thereafter Albach contacted the Clearwater Police Department, turned the drug over to another detective, and in due course Frady was arrested and charged with the drug violation.
The foregoing condensed version of Al-bach’s testimony was amply sufficient to make a jury question of the issue of entrapment. The jury was amply charged on entrapment and Frady’s counsel made no objection to the sufficiency of the charges. The jury resolved the issue against Frady. He has no room to complain.
Affirmed.
HOBSON, C. J., and MANN, J., concur.