247 So.2d 342 (1971)
STATE of Florida, Appellant,
v.
Jack JONES, Appellee.
No. 70-932.
District Court of Appeal of Florida, Third District.
April 20, 1971.
Richard E. Gerstein, State Atty., and Milton Robbins, Asst. State Atty., for appellant.
William M. Moran; Richard M. Gale, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PEARSON, Chief Judge.
The State appeals from an order of the Criminal Court of Record which dismissed an information upon the ground that the defendant could not be given a fair trial because of the actions of the State in, (1) failing to keep records or memoranda reflecting the location or whereabouts of witnesses who were used by the State as informants and who were active participants in the actions leading up to the crime charged; (2) failing to comply with an order requiring the State to provide necessary locational information as to the witnesses. The State urges that, (1) the failure of the State to provide an address of a witness who has moved his residence, is not a proper basis for dismissal of an information and, (2) that the order the State is charged with having disregarded provided only that the State should furnish information "if known to State."
The record reveals that the State did not violate the literal terms of the order, because the State's action did comply with the provision pointed out. If this *343 were the only ground upon which the cause was dismissed, we would reverse because when a cause is dismissed for failure of the State to comply with an order, the order must be explicit as to what the State must do.
We hold however, that the first ground set forth by the trial judge in its order is sufficient. Rulings as to the necessity of providing the names and addresses of witnesses for the defendant to have a fair trial are rulings which must of necessity rest upon the broad discretion of the trial court. Compare Monserrate v. State, Fla.App. 1970, 232 So.2d 444; Mathews v. State, Fla. 1950, 44 So.2d 664; Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); with Warriner v. Ferraro, Fla.App. 1965, 177 So.2d 723. In this case, the trial judge has fully set forth his interpretation of the situation and the necessity for the disclosure which the state was unable or unwilling to make:
* * * * * *
"6. That other than the names and physical descriptions indicated above, Dectecive D'Azevedo, who was the main investigating officer for the State, was unable to provide to the defendant any other information reflecting the present whereabouts of these witnesses or the names of any other law enforcement officers who were connected with the investigation who had information reflecting the present whereabouts of the witnesses.
"7. That Detective D'Azevedo indicated that he had failed to keep any records or memoranda reflecting the location or whereabouts of these witnesses at the time of the incident in question and, in addition, that he had made no efforts at the time of the incident in question to establish a means by which he could locate these witnesses at any time in the future.
"8. That the conduct referred to in the paragraph above was engaged in at a time when the State of Florida knew or should have known that the said witnesses possessed firsthand information material to the charges contained in the Information and would, therefore, be material witnesses for either the State or the defendant.
"9. That in an effort to acquire more complete locational information the defendant filed a Motion to Compel More Complete Disclosure of Identity of Witnesses on July 16, 1970. In that motion the defendant alleged that the information so far provided was totally inadequate for locational purposes and that without more the defendant would be unable to locate the witnesses and, therefore, could not examine the witnesses to determine the nature and extent of their knowledge of material facts. In the motion the defendant also alleged that he believed that the sought after witnesses had intimate knowledge of the alleged criminal acts the defendant is accused of having committed and that it was a vital step in the preparation of his defense that he be afforded the opportunity to examine these witnesses particularly in light of the fact that the defendant pleaded not guilty and that an issue of entrapment as a legal defense might exist."
* * * * * *
"13. The Court finds, therefore, than when an informant or informants become material witnesses to a crime and where such is the result of intentional conduct by the government, the prosecution, including the appropriate police agencies, must demonstrate that they have attempted in good faith to locate the informants where a proper request is made therefor. The Court further finds that in such a case it will not suffice for the prosecution, in attempting to display good faith, to say that it cannot provide the necessary locational information where the facts display that the State deliberately avoided ever acquiring information *344 necessary for locating the informants in the first place.
"14. In addition, the Court finds that the duty of the State to disclose a material witness informer's identity on pain of dismissal imposed by Roviaro v. United States, 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639], 1957; Matthews v. State [Fla.], 44 So.2d 664, and Monserrate v. State [Fla.App.], 232 So.2d 444, contemplates an "identity" that includes all pertinent information helpful in locating the witnesses. The Court specifically rejects the view that the State has fulfilled its obligation in this regard when it reveals all that it knows, if what it has arranged to know is inadequate for location purposes. See Velarde-Villarreal v. U.S. [9 Cir.], 354 F.2d 9; U.S. v. Clarke [D.C.], 220 F. Supp. 905, and Eleazer v. The Superior Court, 83 Cal. Rptr. 586, 464 P.2d 42, 6 Cr.L. 2376, California Supreme Court decided January 30, 1970, and the Declaration of Rights, Section 16, Florida Constitution [F.S.A.]."
* * * * * *
For the reasons set forth by the trial judge the order appealed is affirmed.
Affirmed.
BARKDULL, Judge (dissenting).
I respectfully dissent. The impact of the holding of the majority is to require the State to go beyond disclosing to a defendant all its information that it knows about a particular witness and to place an affirmative duty on the State to track down the whereabouts of witnesses who have removed themselves from this jurisdiction.