UNITED STATES of America,
Plaintiff-Appellee,

v.

Willie Joe WILLIAMS, Defendant-
Appellant.

No. 73–1450.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Oct. 16, 1973.

Decided Dec. 13, 1973.

James M. Dunn, Asst. U. S. Atty., Salt Lake City, Utah (C. Nelson Day, U. S. Atty., Salt Lake City, Utah, with him on the brief), for plaintiff-appellee.

John W. Horsley, Moyle & Draper, Salt Lake City, Utah, for defendant-appellant.

Before PICKETT, SETH and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

Williams was convicted on two counts of an Information charging him with possession and sale of heroin, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (1970). He was sentenced to serve two concurrent six-year terms. On appeal he contends that the record establishes the defense of entrapment as a matter of law and that the trial court should have dismissed the Information because of the failure of the government to produce a paid informer as a witness during the trial.

Early in September 1972 Jerry Dismuke, a drug addict, came to the Salt

Lake City office of the Federal Bureau of Narcotics and Dangerous Drugs, together with representatives of the Salt Lake City Police Department. Dismuke indicated that he knew people in the area who were trafficking in narcotics and that he was willing to assist the Bureau in its narcotics investigations. He was employed as an informant and assigned to work with Special Agent Chism, who had recently arrived in Salt Lake City. After the employment Dismuke visited with defendant Williams alone, and on the following day he and Chism went to the Williams home for the purpose of making a purchase of narcotics. Chism told Williams that he was in town to visit Dismuke, his cousin, who was a heroin addict and in bad shape financially. He advised Williams that he was in the heroin business and wanted to purchase substantial quantities from him for resale by himself and Dismuke at a profit. Williams said that he could not arrange for a large transaction since a "Black Syndicate" controlled drug traffic in Salt Lake City. He did, however, advise Chism that he had 64 capsules of heroin which he would sell to him for $10 each. After some negotiation Williams offered to sell 13 capsules for $100. This offer was accepted and the purchase consummated. The following day Chism and Dismuke returned to the Williams residence and Chism purchased 20 capsules of heroin for $170. This transaction was in the presence of Dismuke and an unidentified person. During this visit Williams suggested to Chism that they both go to California where Williams said he could arrange a large narcotics transaction. The first two counts of the Information arose out of the first transaction, and the third and fourth counts from the second purchase. The third and fourth counts were dismissed as a result of evidence disclosed at the trial.

It is apparent from the record that Williams possessed the narcotic capsules and was ready and willing to sell them to Chism. The only misrepresentation made to Williams during the transactions was Chism's representation that Dismuke was a cousin. There was no special inducement made to Williams to make the sales and the offer to purchase merely afforded the opportunity for the transactions to be made. To constitute entrapment the deception must be such that it actually implants the criminal design in the mind of the accused and his criminal conduct must be the product of the action of the government officials. United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); United States v. Gibson, 446 F.2d 719 (10th Cir. 1971); Martinez v. United States, 373 F.2d 810 (10th Cir. 1967). "When a person is shown to be ready and willing to violate the law, the providing of an opportunity therefor by undercover agents or police officers is not entrapment." United States v. Jobe, 487 F.2d 268 (10th Cir. 1973); see also Lopez v. United States, 373 U.S. 427, 83 S. Ct. 1381, 10 L.Ed.2d 462 (1963); United States v. Crawford, 444 F.2d 1404 (10th Cir. 1971).

The name of the informant was known and the court directed the government to produce him at the trial. Apparently the defense knew during the trial that the informant was not available as counsel for the defendant, on cross examination, made inquiry of the acting agent-in-charge of the Salt Lake office concerning his whereabouts. Following an objection to this cross examination, there was an unrecorded colloquy at the bench between the court and counsel. Thereafter the subject was pursued no further. After the prosecution rested, the demand for the production of the informer was renewed. When the prosecution offered to explain the failure, the court stated:

"Well, you won't need to do that. What the Government says is they don't know where he is; they have tried to find him and can't find him.

There is one report that he is dead. That is what happens to informers sometimes, they end up dead. At any rate, the Government doesn't know where he is. I don't know how I am going to compel the Government to produce a witness when they don't know where he is."

It is clear that the court was satisfied with the unrecorded explanation of the government concerning its failure to produce the witness. The defense did not question the validity of the explanation and made no request for further hearing on the reasonableness of the efforts of the prosecution to obtain the presence of the informer. As a general rule in cases of this kind, the government must identify an informant who participates with undercover agents in transactions which are for the purpose of obtaining evidence of crimes and whose testimony might be relevant to the defense. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); United States v. Martinez, 487 F.2d 973 (10th Cir. 1973); Garcia v. United States, 373 F.2d 806 (10th Cir. 1967). In addition to requiring the disclosure of the informant's identity, the trend of the decisions has been, upon demand of the defendant, to require the prosecution to produce the informer at the time of trial. If the informer is not available, it is incumbent upon the government to show reasonable diligence in its effort to produce him. United States v. Pollard, 479 F.2d 310, on remand, 483 F.2d 929 (8th Cir. 1973); United States v. Jenkins, 470 F.2d 1061 (9th Cir. 1972). In United States v. Hayes, 477 F.2d 868 (10th Cir. 1973), a case quite similar to the instant case, this court said:

"Under various circumstances the courts have held the government to a duty to produce an informant or make a showing of a reasonable effort to do so. We are, however, persuaded to agree with the trial court that in this case the government was not obligated to call Ellerton as its own witness. The court accepted as sufficient the undertaking of the prosecution to seek his present location and furnish it to the defense. We feel this was the proper measure of the government's duty in this case. The government is not the guarantor of the appearance of its informant at trial, but is required to accord reasonable cooperation in securing his appearance where a timely request is made and his testimony might substantiate a claim of the defense. [Citations omitted]"

We do not hold that the government would be excused in all cases for failure to produce an undercover agent even after due diligence to locate him had failed. If, in an appropriate case, the facts disclosed that the accused could not obtain a fair trial without the presence of an informer, the result could be a lack of due process. 8 Moore's Federal Practice ¶ 16.06(4) (2d ed. 1965, 1973 revision). Cf. United States v. Walton, 411 F.2d 283 (9th Cir. 1969). The instant case is not of that kind. The only evidence in the case is that the informer's activity was limited to the introduction of the undercover agent to Williams. He was present but took no part in the transactions.

Affirmed.