DOWNEY, Judge.
Appellant was convicted of delivery of heroin. Of the five appellate questions presented only one requires a reversal of the judgment and sentence being reviewed.
The appellant here is the same individual involved in the case of Woods v. State, Case No. 76-836, Fla.App., 355 So.2d 437, opinion filed February 7, 1978. Oddly enough, the point requiring reversal in this case is the same point upon which we based our reversal in the other Woods case, i. e., denial of appellant’s motion to furnish the name and address of the confidential informant. Although the factual situation giving rise to the criminal transaction in the two cases is different, nearly everything said in Woods v. State, Case No. 76-836, Fla.App., supra, is applicable here.
In this case the State makes a stronger argument that the appellant knew the name and address of the informant and thus cannot complain. We dispose of that contention by noting that the appellant was never sure of the identity of the informant as the State refused to identify him. When appellant tried to depose a person who may have been the informant, the prosecutor, through objection and instructions to the witness not to answer, effectively precluded the deponent from testifying to anything meaningful.[1] And so the important busi *440 ness of developing appellant’s defense through the help of the confidential informant turned into a charade.
Accordingly, we reverse the judgment and sentence appealed from upon authority of Woods v. State, Case No. 76-836, Fla. App., 355 So.2d 437, opinion filed February 7, 1978 and remand the cause for a new trial.
REVERSED AND REMANDED.
ANSTEAD, J., and SCHWARTZ, ALAN R., Associate Judge, concur.

. An enlightening discussion of the duty of the State in furnishing information regarding a confidential informant is contained in State v. Jones, 247 So.2d 342 (Fla.3rd DCA 1971).