471 So.2d 639 (1985)
Angel ALDAZABAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-819.
District Court of Appeal of Florida, Third District.
June 25, 1985.
Bennett H. Brummer, Public Defender and Marti Rothenberg and Thomas Murray, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
*640 SCHWARTZ, Chief Judge.
Because the confidential informant was the only actual participant in two of the narcotics sales involved, the investigating police officer and the prosecution must have known, as the trial judge expressly and correctly determined, that he was a material and vital witness in the case. Nonetheless, they deliberately failed to determine the c.i.'s whereabouts and then, as ordered, to provide the defense with his address so he could be located to appear at the trial. In State v. Jones, 247 So.2d 342 (Fla. 3d DCA 1971) we held, approving the trial court's dismissal of the prosecution on this basis, that
"the duty of the State to disclose a material witness informer's identity on pain of dismissal imposed by Roviaro v. United States, 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639], 1957; Matthews v. State [Fla. 1950], 44 So.2d 664, and Monserrate v. State [Fla.App. 1970], 232 So.2d 444, contemplates an "identity" that includes all pertinent information helpful in locating the witnesses. The Court specifically rejects the view that the State has fulfilled its obligation in this regard when it reveals all that it knows, if what it has arranged to know is inadequate for location purposes."
247 So.2d at 344. The record in this case, which shows, for example, that the officer deliberately did not so much as ask the c.i. his address when he spoke to him in a long distance call shortly before the trial, demonstrates an even more marked degree of calculated official ignorance than that in Jones. On the authority of the Jones case, therefore, the conviction under review is reversed with directions to discharge the appellant.
Reversed.