486 So.2d 683 (1986)
The STATE of Florida, Appellant,
v.
Maritsa SALDARRIAGA, Appellee.
Nos. 84-101, 86-303.
District Court of Appeal of Florida, Third District.
April 15, 1986.
Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Gitlitz, Keegan & Dittmar and Stuart H. Gitlitz, Sp. Asst. Public Defender, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
The State brings these appeals from an order of the trial court which dismisses an information as to one of multiple defendants in a cocaine trafficking case for failure of the State to comply with an order to produce a confidential informant for an in camera examination. We reverse.
Where the failure of the State to produce a witness or evidence in compliance with an order of the court is based on negligence rather than willful noncompliance, and where the facts do not even in the slightest support a conclusion that the defendant's constitutional rights have been violated, dismissal of the charges and discharge of the defendant is not an appropriate sanction. See Antone v. State, 410 So.2d 157 (Fla. 1982); Marshall v. State, 413 So.2d 872 (Fla. 3d DCA 1982), quashed on other grounds, 455 So.2d 355 (Fla. 1984); State v. Brown, 393 So.2d 1195 (Fla. 3d DCA 1981). The court may consider less drastic remedies.
Reversed and remanded for further proceedings.
HENDRY and FERGUSON, JJ., concur.
BASKIN, Judge (dissenting).
I would affirm the trial court's dismissal of the information based on the state's failure to use due diligence in locating and producing a confidential informant, see Aldazabal v. State, 471 So.2d 639 (Fla. 3d DCA 1985); State v. Jones, 247 So.2d 342 (Fla. 3d DCA 1971); I therefore dissent from the majority opinion. The trial judge's findings set forth in full in his order provide ample reason for dismissal:
*684 ORDER DISMISSING CASE AGAINST DEFENDANT SALDARRIAGA
THIS CAUSE came on to be heard by the Court on January 11, 1984, upon due Notice, on the Defendant's Motion for Relief based upon the failure of the State to comply with a previous Order of this Court dated November 4, 1983. This Court, being fully advised in the premises, having heard and considered the argument of counsel for both sides, having reviewed the caselaw [sic] submitted by both the State and Defense, having considered the testimony presented and being otherwise fully advised in the premises, based on the circumstances of this case and in the interests of justice, makes the following findings:
1. That on November 4, 1983 this Court entered its Order granting the Defendant's Motion for Production Of Confidential Informant and required, inter alia, an in camera inquiry with the confidential informant in this case.
2. That at the time of the issuance of the Order of November 4, 1983 the Court had considered the Defendant's Motion for Production Of Confidential Informant and the State's Objection thereto, and found that the Defendant's right to due process and a fair trial would be infringed unless the Court conducted an inquiry with the confidential informant. Further, the Court allowed the Defendant to file suggested areas of inquiry, which were filed.
3. That on November 28, 1983, this matter, pursuant to Notice, came on for Trial before the Court. At that time the Court and the Defense were advised, for the first time, that there was a problem obtaining the whereabouts of the informant. However, the State made no request for relief from the previous Court Order. For the foregoing and other reasons, the matter was specially reset for Trial on January 9, 1984 at 9:00.
4. That as of January 11, 1984, no confidential informant has been supplied for in camera inquiry by the Court.
5. That the co-Defendants, MONSALVE and GOMEZ, do not have standing, as a matter of law, to "jump on the bandwagon" of Defendant SALDARRIAGA's Motion For Relief at this time.
6. That the Court is guided by the case of United States vs. Williams, 488 F.2d 788, 790 (10th Cir. 1973). "It is incumbent upon the government to show reasonable diligence in its efforts to produce him." That is if the informer is not available.
7. That the efforts of the State to locate and produce the confidential informant consisted of Detective Lopez, the lead investigator in this cause, making only two (2) stops, several days apart, to an address that he believed the confidential informant lived at. There was no follow up investigation, notwithstanding the fact that there was a pending Court Order to produce this informant.
8. That all parties to this cause were on notice of at least six (6) weeks or so that the Court had ordered the production of the confidential informant.
9. That the Court is not satisfied with the efforts by the State to comply with the Court Order of Production and specifically finds that the State has failed to use due diligence in locating and producing the confidential informant. That the State's failure to use due diligence and failure to provide the Defendant with any information concerning the confidential informant to allow her to find said person effectively prevented said person from ever being produced for the Court.
10. That the Court file reflects that pursuant to Florida Rule of Criminal Procedure 3.191, the speedy trial period would expire on January 25, 1984.
11. That the State never appealed or otherwise sought review of this Court's Order dated November 4, 1983.
12. That it was not until the day this matter was set for Trial and the Defendant requested relief because of the State's failure to comply with the previous Court Order that the State requested that this Court reconsider its Order of November 4, 1983. The Court will not *685 revisit that issue and, accordingly, the Order of November 4, 1983 has not been complied with.
13. The Court is also guided by the case of State vs. Jones, 247 So.2d 342, 344 (Fla. 3d DCA 1971), in which the Court found that there is a "... duty of the State to disclose a material witness informer's identity on pain of dismissal ..."
14. The Court is aware that dismissal is a harsh remedy which should only be imposed as a last resort based on the totality of the circumstances. In this case, the Defendant SALDARRIAGA has been irrevocably prejudiced by the State's actions in this case so that dismissal is the only appropriate remedy.
15. That this Court is going to dismiss as to the Defendant SALDARRIAGA not necessarily only to protect the Defendant SALDARRIAGA's rights to due process of law, but also to protect the integrity of the Court in the context of the issuance and enforcement of its Orders.
It is, therefore, ORDERED AND ADJUDGED that the Defendant MARITSA SALDARRIAGA'S Motion For Relief be, and the same is, hereby granted and this cause shall stand dismissed against her.
The decision to impose sanctions for a discovery violation and the severity of the sanctions imposed are matters within the sound discretion of the trial court and may not be disturbed on appeal unless no reasonable person would have imposed the sanctions in question. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); State v. Alfonso, 478 So.2d 1119 (Fla. 4th DCA 1985). No abuse of the trial court's discretion has been demonstrated.
For these reasons, I would affirm.