PER CURIAM.
The defendant Fidel Guzman appeals his conviction and sentence for trafficking in cocaine, and urges two points for reversal. We find no merit in either point and affirm.
First, the defendant claims error in the trial court’s denial of his motion to dismiss and his motion for a new trial based on the state’s failure to disclose, upon prior order of the trial court, the whereabouts of a confidential informant who, it is urged, was needed for defense use in the instant case. We cannot agree. There is no showing that the state, either through calculated official ignorance or deliberate, intentional activity, was at fault for the informer’s disappearance in this case or for its failure to know the informer’s whereabouts, as was true in State v. Jones, 247 So.2d 342 (Fla.3d DCA 1971), and Aldazabal v. State, 471 So.2d 639 (Fla.3d DCA 1985). This being so, the trial court committed no error in denying the motion to dismiss and the motion for new trial. See State v. Saldarriaga, 486 So.2d 683 (Fla.3d DCA 1986).
Second, the defendant claims error in the trial court’s denial of his motion for judgment of acquittal at trial. We cannot agree as, plainly, a jury question was presented below on the entrapment defense raised herein. See State v. Brider, 386 So.2d 818, 820-21 (Fla.2d DCA), pet. for review denied, 392 So.2d 1372 (Fla.1980); Richert v. State, 338 So.2d 40, 44-45 (Fla. 4th DCA 1976), cert. denied, 346 So.2d 1250 (Fla.1977); Frady v. State, 235 So.2d 56, 57 (Fla.2d DCA 1970).
The final judgment of conviction and sentence under review are, in all respects,
Affirmed.