PER CURIAM.
The State of Florida appeals from an order which dismisses charges against the defendant Gutierrez for trafficking in cannabis and cocaine by possession.
The defendant’s motion to dismiss alleged:
2. The arrest of the Defendant stemmed from a search executed by Metro Dade County Police Department pursuant to a search warrant obtained in the Circuit Court of the Eleventh Judicial Circuit.
3. Said search warrant was based solely on an affidavit obtained from a confidential informant to wit: a Mr. Car-dona.
4. Cardona was then listed as a state witness in the above-styled cause.
5. Undersigned counsel on behalf of the Defendant was told by the State Attorney that Mr. Cardona, a protected witness could be subpoenaed through the State Attorney’s Office.
6. Arrangements were made with the State Attorney for the production of Mr. Cardona at the State Attorney’s Office for the purposes of taking a deposition in the instant case.
7. Prior to the deposition of Mr. Car-dona undersigned counsel was informed that Mr. Cardona had fled the jurisdiction and was no longer available as a witness in the instant matter.
8. Mr. Cardona is the sole basis on which the affidavit in support of the search warrant leading to the arrest of the Defendant was based.
We agree with the State that dismissal of the charges on the above allegations, even if true, was premature. There is no showing that the State was responsible for the witness’ disappearance, State v. Valdes, 443 So.2d 302 (Fla. 3d DCA 1983), and that the loss of the witness’ testimony prejudiced the defense. State v. Reeves, 444 So.2d 20 (Fla. 2d DCA 1983).
The cases relied upon by the defendant, Aldazabal v. State, 471 So.2d 639 (Fla. 3d DCA 1985), and State v. Jones, 247 So.2d 342 (Fla. 3d DCA 1971), are distinguishable. In Aldazabal the lost informant was the only actual participant in the crime of sale of narcotics. Similarly, in Jones, which is otherwise factually sparse, there was a finding by the court that the persons being sought were material witnesses to the crime.
Reversed and remanded with instructions to reinstate the information.