PER CURIAM.
On defendants’ motion, the State was ordered to produce its confidential informant. The State failed to do so because it was unable to locate the informant. After reviewing the record and depositions of the investigating officers, the trial court dismissed the information under authority of Aldazabal v. State, 471 So.2d 639 (Fla. 3d DCA 1985), and State v. Jones, 247 So.2d 342 (Fla. 3d DCA 1971). We reverse.
In the present case the confidential informant was a witness. While he was present during the negotiations, he was not an active participant and did not understand much of the negotiations, as he was a non-Spanish speaker and the negotiations were conducted directly by the defendants with the undercover officers in Spanish. The informant was not present at the actual sale transaction at which the arrests occurred. The case is therefore unlike Aldazabal v. State, in which the confidential informant was the only actual participant in two of the narcotics sales. 471 So.2d at 640.
Viewing the case on a cold record, as did the trial court, it appears that the State’s conduct is more accurately described as negligence, see State v. Saldarriaga, 486 So.2d 683 (Fla. 3d DCA 1986), rather than deliberaté ignorance. See State v. Jones, 247 So.2d 342, 343-44 (Fla. 3d DCA 1971). Unlike the situation in Jones, the police officers in the present case successfully stayed in touch with the undercover informant for several weeks after the arrest. The State’s efforts to locate the confidential informant, while belated, were considerably greater in scope than those described in Saldarriaga. See 486 So.2d at 684. On the present record we do not think that the extreme sanction of dismissal was warranted.
Reversed and remanded.