**James Berl RAINES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8801–CR–41.

Supreme Court of Indiana.

Feb. 7, 1989.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Robbery, a Class B felony, for which he received a sentence of ten (10) years enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: On May 11, 1986 at approximately 9:00 to 9:30 p.m., Albert Reid and Gary Bernard were sitting in the kitchen of Reid's home having a beer when appellant entered the kitchen. All three men knew each other. Appellant walked up to Reid, knocked him out of the chair onto the floor, causing Reid to suffer a nose bleed and a black eye. Appellant then left. Reid discovered immediately that his wallet containing $91 was missing.

Police were called, but before they arrived, Bernard left. When police arrived, Reid told them he knew his assailant by the name of Berl and described him to the police officer. The next day the police officer prepared a photographic array of six men which included a photograph of appellant. From this array, Reid identified the photograph of appellant as that of his assailant. Police officers attempted to locate Gary Bernard but were unsuccessful in doing so. At trial, Reid again identified appellant as his assailant.

■ Appellant claims the verdict of the jury is not supported by sufficient evidence. Appellant urges that this is "a crime surrounded and fogged by alcohol." However, the only evidence concerning Reid's consumption of alcohol that day was that he had consumed two beers, and the investigating officer testified that he did not appear to be intoxicated shortly after the robbery. The implication made by appellant that Reid was too intoxicated to identify him is not supported by any evidence. The degree of the victim's intoxication and its affect on his ability to identify appellant was a matter for the jury's determination. *Russell v. State* (1986), Ind., 487 N.E.2d 136. This Court will not invade the province of the jury in weighing the evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Appellant also contends the mere fact that he struck Reid and left does not prove that he took Reid's wallet. He believes in view of the fact that Bernard was present during the altercation, left before police

arrived, and could not be found following the incident, the jury should have doubted that it was appellant and could have believed it was Bernard who took the victim's wallet. This again is a matter for the determination of the jury. *Id.* Here, the jury had before it the testimony of the victim which was sufficient to support its finding of guilty. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068.

 Appellant claims the State withheld exculpatory information in violation of due process of law, thus requiring a new trial. Appellant bases this contention on the fact that the State failed to produce Bernard pursuant to a discovery order. However, when the State can demonstrate that its inability to produce a witness is not intentional or in bad faith, the failure does not constitute a violation of the discovery order. *Carter v. State* (1987), Ind., 512 N.E.2d 158. The uncontradicted evidence in this case is that the State made every effort to attempt to locate Gary Bernard but was unsuccessful. Under these circumstances, it cannot be said that the State intentionally violated the discovery order.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice—dissenting.

The victim Reid was sixty-six years old. At nine o'clock in the evening Bernard came over to Reid's house. The two had been drinking beer for about a half hour when appellant Raines came into the house, and knocked Reid to the floor. Reid got up and took a swing at appellant, and appellant ran out the back door. The victim was bleeding from the nose and mouth and had a black eye. He put his hands on his hips and asked Bernard what that was all about. It was then he noticed that his billfold containing $91.00 was missing. The victim called police and Bernard left before they arrived. Bernard could not thereafter be found.

If a conclusion of guilt of a criminal offense does not rest upon substantial evidence of probative value, it must be reversed on appeal. *Harden v. State* (1982), Ind., 441 N.E.2d 215. I do not believe that this evidence, which comprises that most favorable to the state, is such that from it a rational trier of fact could conclude to a moral certainty beyond a reasonable doubt that appellant took the victim's wallet and money. Is it rational to infer with such certainty that the wallet was taken at the time of the attack? Is it rational to infer with such certainty that the wallet was taken by appellant? No.

I would reverse this conviction.