SCHWARTZ, Chief Judge.
The sole claim asserted on this appeal from a conviction for conspiracy to traffic in cocaine is that the trial court improperly precluded defense counsel from commenting in final argument on the state’s failure to produce a confidential informant as its witness at the trial. To justify the inference against the prosecution sought to be drawn below, it is necessary to show that [1] the uncalled ‘“witness is peculiarly within the party’s power to produce and [2] the testimony of the witness would elucidate the transaction.’ ” Haliburton v. State, 561 So.2d 248, 250 (Fla.1990) (quoting Martinez v. State, 478 So.2d 871 (Fla. 3d DCA 1985), review denied, 488 So.2d 830 (Fla.1986)), cert. denied, - U.S. -, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991). While we do not agree with the state that the witness was not within its power to produce, we find that the c.i. had only a minimal relationship with the case at all and none whatsoever with the defendant himself. Hence, his testimony would not have “elucidate[d] the transaction” in question at the trial. For this reason, the ruling complained of was not erroneous.
Affirmed.