651 So.2d 717 (1995)
STATE of Florida, Petitioner,
v.
Ronald Paul BURNS, Respondent.
No. 94-03105.
District Court of Appeal of Florida, Second District.
February 10, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for petitioner.
William B. Plowman, Tampa, for respondent.
PER CURIAM.
The State of Florida has petitioned this court for a writ of certiorari. Specifically, the state asks this court to quash an order compelling the state to either disclose the name and address of a confidential informant or make that individual available for a deposition. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A). For the reasons expressed below, we grant the state's petition, issue the writ of certiorari and quash the order with instructions that the motion be reconsidered in light of this court's opinions in State v. Mashke, 577 So.2d 610 (Fla. 2d DCA 1991); State v. Davila, 570 So.2d 1035 (Fla. 2d DCA 1990); State v. Carnegie, 472 So.2d 1329 (Fla. *718 2d DCA 1985); Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977).
The state argued that the state court departed from the essential requirements of law, first by overlooking the fact that the respondent, who is the defendant in the criminal action below, failed to meet his burden of demonstrating through sworn proof the necessity of disclosure. This court has previously held that a defendant must not only allege the specific defense sought to be proved, but also support that defense with sworn proof before the state can be compelled to disclose the identity of a confidential informant. See Mashke, 577 So.2d at 612.
The state's second claim is that, assuming the above technical requirements are met, the court failed to conduct an adequate hearing to consider the limited privilege afforded the state in nondisclosure against the defendant's constitutional right to a fair trial before ruling on the motion to compel. See, e.g., Davila, 570 So.2d at 1037-38; State v. Carnegie, 472 So.2d at 1330-31; Munford v. State, 343 So.2d at 69. Although an in camera hearing is not required in all instances, nevertheless this court has previously recognized that it is the best procedure to ensure that the rights and interests of both the defendant and the state are carefully considered. Munford, 343 So.2d at 69.
The record before us fails to demonstrate that the trial court examined the motion in a manner consistent with this court's previous opinions. Therefore, we grant the state's petition, issue the writ of certiorari and quash the order compelling discovery, with instructions that the motion be reconsidered in light of the caselaw cited above.
CAMPBELL, A.C.J., and BLUE and WHATLEY, JJ., concur.