656 So.2d 590 (1995)
STATE of Florida, Appellant,
v.
Roy BANKS, Appellee.
No. 94-02436.
District Court of Appeal of Florida, Second District.
June 23, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
James Marion Moorman, Public Defender, Bartow, and Julia Diaz, Asst. Public Defender, Bartow, for appellant.
THREADGILL, Acting Chief Judge.
The State of Florida appeals an order dismissing the information in this case for failure of the state to disclose the identity of a confidential informant. We reverse.
Appellee, Roy Banks, was charged with delivery of crack cocaine. He filed a motion to compel disclosure of the state's confidential informant alleging that he intended to show that he was entrapped. The trial court granted this motion based on the stipulation that the informant was present during the alleged drug transaction. When the state failed to disclose the informant, the court dismissed the information.
*591 The fact that the confidential informant was present during the drug transaction does not automatically compel his disclosure. See State v. Carnegie, 472 So.2d 1329, 1330 (Fla. 2d DCA 1985). Nor does the failure of the state to disclose the identity of a confidential informant upon court order automatically entitle a defendant to dismissal of the charges. There must be a determination as to the necessity for disclosure, government misconduct, and prejudice to the accused. State v. Gonzalez, 528 So.2d 1297 (Fla. 3d DCA 1988).
The record before us does not support dismissal of the information. As this court recently noted in State v. Burns, 651 So.2d 717 (Fla. 2d DCA 1995), in order to compel disclosure, a defendant must allege the specific defense sought to be proved, and must support the defense with sworn proof. We therefore reverse and remand for further proceedings consistent with Burns and cases cited therein.
Reversed.
BLUE and QUINCE, JJ., concur.