706 So.2d 924 (1998)
STATE of Florida, Petitioner,
v.
Charles DEVOID, Respondent.
No. 97-01823.
District Court of Appeal of Florida, Second District.
February 20, 1998.
*925 Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Petitioner.
N. Christian Brown, Clearwater, for Respondent.
PER CURIAM.
The State of Florida petitions this court for a writ of certiorari challenging the trial court's order granting a motion by Charles Devoid to disclose the identity of a confidential informant. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A). See State v. Roberts, 686 So.2d 722 (Fla. 2d DCA 1997); State v. Burns, 651 So.2d 717 (Fla. 2d DCA 1995). We agree that the order departs from the essential requirements of law, and we quash the order of the trial court.
A law enforcement search of Devoid's residence produced illegal drugs which led to the possession charge he defends in the trial court. The affidavit in support of the warrant obtained for the search by the detectives discloses three nearly identical purchases of marijuana from Devoid by a confidential informant, undertaken with law enforcement supervision and observation. In support of his motion to disclose this informant's identity, Devoid asserts that "without the Informants (sic) Identity the Defendant would be denied from putting forth the defence (sic) that he was not the person selling the drugs." From the motion and the subsequent hearing, Devoid attempts to distinguish his facts to avoid the application of the principle that a confidential informant's identity need not be disclosed when the informant's sole role is to provide probable cause in support of a warrant which leads to the seizure of evidence which serves as the basis for the offense charged. See State v. Mashke, 577 So.2d 610, 612 (Fla. 2d DCA 1991); State v. Hernandez, 546 So.2d 761, 762 (Fla. 2d DCA 1989).
In order to establish entitlement to the informant's identity, the movant must assert a specific defense to the charge which will be impeded by the failure to learn of the informant's identity. See State v. Banks, 656 So.2d 590, 591 (Fla. 2d DCA 1995); Burns, 651 So.2d at 718. The defense Devoid advanced in his motionthat he was not the person selling the drugsis not a defense to the possession of contraband discovered at a different time in a different place. Instead, he seemed to argue at the hearing that the deposition of the confidential informant might provide information which would serve to support a motion attacking the search and seizure by impugning the reliability of information in the underlying law enforcement affidavit. He cites no cases which establish that ammunition to assail a search warrant constitutes a "specific defense" to a criminal charge. He also relies on no authority undermining the general principle that disclosure is forbidden in cases in which the only role played by the informant is the development of probable cause which results in a subsequent, fruitful search. In any event, Devoid proffers no conceivable testimony of the informant which would breathe life into a motion to suppress the evidence; no specific defense to the charge would be assisted by disclosure.
Certiorari is granted, and the order of the trial court requiring disclosure of the identity of the confidential informant is quashed.
DANAHY, A.C.J., and FRANK and THREADGILL, JJ., concur.