730 So.2d 817 (1999)
Todd A. McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03482.
District Court of Appeal of Florida, Second District.
April 9, 1999.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Todd A. McCray appeals an order denying disclosure of a confidential informant's identity. We conclude that Mr. McCray has made the necessary showing under State v. Roberts, 686 So.2d 722 (Fla. 2d DCA 1997), to require an in camera inspection by the trial court. Accordingly, we reverse.
Prior to trial, Mr. McCray filed a sworn motion to compel the disclosure of the confidential informant. The motion asserted that the confidential informant apparently knew the defendant, that the confidential informant was present when the crime transpired, that the undercover officer misidentified the defendant as the perpetrator of the crime, that the confidential informant's testimony was essential to the defense of misidentification, and that the defendant was not involved in the sale of cocaine as charged.
In Florida, the State has a limited privilege to protect the confidential informant's identity. This privilege may be overcome where the disclosure of an informant's identity is relevant to the accused's defense or essential to a fair determination of the cause at issue. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In Roberts, we held that once a defendant meets the initial burden of showing that disclosure is necessary to a specific defense, a trial court must hold an in camera hearing to determine whether the informant has information helpful to the specific defense. Id. at 723 (citing State v. Zamora, 534 So.2d 864 (Fla. 3d DCA 1988)).
Mr. McCray met his initial burden under Roberts because his sworn motion set forth a sufficient factual basis to support the legal defense of misidentification. In comparison, in State v. Carnegie, 472 So.2d 1329 (Fla. 2d DCA 1985), we rejected a conclusory allegation to the effect that nondisclosure of the confidential informant's identity would detrimentally impact the defendant's ability to establish possible defenses. Rather than *818 speculating, as in Carnegie, Mr. McCray has demonstrated a sound factual basis for concluding that the confidential informant is an essential witness for a specific defense. Here, in an in camera inspection, the trial court can evaluate whether the confidential informant's testimony is helpful to Mr. McCray's defense of misidentification. See State v. Williams, 369 So.2d 416 (Fla. 3d DCA 1979).
Therefore, we reverse and remand for an in camera inspection. The trial court shall determine if the confidential informant's testimony tends to exculpate Mr. McCray on the misidentification issue or varies materially from the testimony of the police officer who identified Mr. McCray at trial. If it does, a new trial will be required with the disclosure of the informant's identity ordered; if not, the determination should contain specific findings to support that conclusion and the conviction should be reinstated.
Reversed and remanded for further proceedings.
ALTENBERND, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.