ON MOTION TO ENFORCE MANDATE

PER CURIAM.
In Miller v. State, 729 So.2d 417 (Fla. 4th DCA 1999), we reversed appellant’s conviction and remanded for a new trial, because the trial court erred in not granting appellant’s motion for a disclosure of the identity of the confidential informant. On remand, the identity was disclosed, but efforts to locate the confidential informant who, according to an affidavit, was a “street person in Lake Worth,” were unsuccessful.
When the failure to find the informant was made known to the trial court, the court entered an order denying appellant the new trial which we had ordered and reinstating his conviction. The court reasoned that, if the informant were not testifying, there was nothing to be gained by a new trial, citing McCray v. State, 730 So.2d 817 (Fla. 2d DCA 1999).
In McCray, the second district, in a case involving the same issue, conditionally reversed for a new trial, stating:
Therefore, we reverse and remand for an in camera inspection. The trial court shall determine if the confidential informant’s testimony tends to exculpate Mr. McCray on the misidentification issue or varies materially from the testimony of the police officer who identified Mr. McCray at trial. If it does, a new trial will be required with the disclosure of the informant’s identity ordered; if not, the determination should contain specific findings to support that conclusion and the conviction should be reinstated.
Id. at 818.
In the present case the reversal was not, as it was in McCray, conditional. We clearly and unequivocally ordered a new trial. In Torres v. Jones, 652 So.2d 893, 894 (Fla. 3d DCA 1995), the court explained:
A trial court’s role upon the issuance of a mandate from an appellate court becomes purely ministerial, and it’s function is limited to obeying the appellate court’s order or decree.... A trial court does not have discretionary power to alter, or modify the mandate of an appellate court in any way, shape or form.
In addition, as we noted at the end of our original opinion, appellant raised another issue which we did not address because of our reversal on the issue involving the informant. That issue, which involved the admission of evidence, has never been resolved.
We grant the motion to enforce mandate, reverse the order reinstating the conviction, and remand for a new trial.
GUNTHER, SHAHOOD, and TAYLOR, JJ., concur.