887 So.2d 355 (2004)
The STATE of Florida, Appellant,
v.
Eddie SIMMONS, Appellee.
Nos. 3D02-3120, 3D03-376.
District Court of Appeal of Florida, Third District.
November 12, 2003.
*356 Charles J. Crist, Jr., Attorney General and Barbara A. Zappi, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Roy A. Heimlich, Assistant Public Defender, for appellee.
Before GODERICH, GREEN, and FLETCHER, JJ.
GREEN, J.
This is a consolidated appeal from the dismissal of two separate informations filed against Eddie Simmons alleging violations of the drug laws due to the state's inability to produce the identity of a confidential informant/tipster. The state argues that the trial court erred in compelling the disclosure of the identity of the confidential informant/tipster and in subsequently dismissing the two informations for the state's inability to do so. We agree and reverse for the reinstatement of the charges.
In case number 02-9992, Eddie Simmons was charged with the sale, manufacture, delivery and/or possession of cocaine in an encounter with undercover detective A. Pacheco on April 4, 2002 in violation of section 893.13(1)(a)1., Florida Statutes (2001).[1] In case number 02-9991, Simmons was charged with possession with intent to sell, manufacture or deliver cocaine on April 5, 2002 and unlawful possession of a firearm by a convicted felon in violation of sections 790.23(1)(a)[2] and 775.087,[3] Florida Statutes (2001), respectively.
*357 Simmons' proposed defense to case number 02-9992 was that of misidentification, i.e., that he was not the person who sold cocaine to Detective Pacheco on April 4, 2002. His proposed defense to case number 02-9991 was that he had gone to a party on April 4, 2002 and spent the night at the home where the drugs and firearm had been found, but that he had no ownership or possessory interest in either the home or the drugs and firearm found the next day.
The defense filed a sworn motion to disclose the identity of the confidential informant for both cases. As for case number 02-9992, Simmons averred, among other things, that the confidential informant/tipster witnessed the sale of the cocaine to Detective Pacheco on April 4. In case number 02-9991, he averred only that "[P]roof that a person other than the Defendant sold cocaine on April 4, would buttress the Defendant's assertion that he was present in the home on April 5 merely as an overnight guest and that he had no dominion or control over the siezed [sic] items."
The state filed a memorandum of law in opposition to both motions asserting that Simmons sold cocaine to Detective Pacheco on the porch of a residence on April 4, 2002. The state acknowledged that the informant/tipster was used to gain access to the porch and front door of the residence and was present at the time of this transaction. The state further asserted that on the following day or April 5, 2002, the police executed a search warrant at the same residence and recovered additional cocaine as well as a firearm. Simmons was recorded as spontaneously stating that he owned and had control of the firearm. The state averred that it did not know the identity or the current whereabouts of the confidential source.
At the hearing on the motion, the defense maintained that dismissal of the informations was warranted because the confidential informant was an important witness and the state should have at least recorded his name and whereabouts for later use. The state countered that dismissal was not appropriate because the confidential informant was merely a witness used to lure Simmons out on the porch and that it was the officer, not the informant, who actually participated in the purchase of the cocaine.
The trial court found the confidential informant to be critical to Simmons' defense of misidentification in case number 02-9992 and granted the motion to disclose confidential informant. Since the police had failed to obtain any information as to the informant's identity or location, the trial court thereafter dismissed the charge. As to case number 02-9991, the lower court initially found the state's failure to produce the identity and location of the informant to have no bearing on the defense of this charge and denied the defense's motion to dismiss. Once the state filed its notice of appeal of the trial court's dismissal of case number 02-9992, however, the trial court reversed itself and dismissed case number 02-9991 for the sole purpose of having this court simultaneously review and dispose of the issue raised in both cases.
Florida law is settled that the state has a limited privilege to withhold the identity of its confidential informants. See State v. Hassberger, 350 So.2d 1, 2 (Fla.1977); State v. Diaz, 678 So.2d 1341, 1344 (Fla. 3d DCA 1996); State v. Zamora, *358 534 So.2d 864, 867 (Fla. 3d DCA 1988); Spataro v. State, 179 So.2d 873, 878 (Fla. 2d DCA 1965); State v. Hardy, 114 So.2d 344, 346 (Fla. 1st DCA 1959). This privilege, however, must yield "[w]here the disclosure of an informer's identity, or the contents of his communication, [1] is relevant and helpful to the defense of an accused, or [2] is essential to a fair determination of a cause." Diaz, 678 So.2d at 1344 (quoting Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). The burden is on the defendant seeking the disclosure of the confidential informant to establish why either or both of these exceptions should be invoked. Diaz, 678 So.2d at 1344. Simmons claims that both exceptions are applicable here.
Florida courts, however, "have consistently denied disclosure under this second ... exception where the sole showing for said disclosure was that the informant, as here, was merely present during the illegal drug transaction with which the defendant was charged, and accordingly was a witness thereto... or acted as a mere tipster, furnishing the police with information which provided a lead in the investigation of the case...." Zamora, 534 So.2d at 870 (citations omitted). Because the defendant was not charged with selling or delivering drugs to the confidential informant, the court concluded that disclosure was not required.
Similarly, both Florida and federal courts have also denied disclosure under a Roviaro exception where the sole showing for disclosure was that the informant merely furnished the police with the probable cause basis for a search or arrest of the defendant, but did not execute a search warrant affidavit against the defendant. Id. Again, courts have concluded that disclosure is not needed to ensure the defendant's due process right to confront his accusers. Id.
The undisputed record evidence in this case reveals that the police utilized the informant solely to lure the appellee onto the front porch for a direct drug transaction with Detective Pacheco. Here, the informant witnessed rather than participated in the actual drug sale on the porch.
The mere presence of an informant to relevant events in a criminal case does not, without more, require the automatic disclosure of the confidential informant. See Miller v. State, 729 So.2d 417, 420 (Fla. 4th DCA 1999); Zamora, 534 So.2d at 871; State v. Carnegie, 472 So.2d 1329, 1330 (Fla. 2d DCA 1985). Rather, we have stated that it must also be shown that the defendant has a possible viable defense in the case, supported by sworn proof, of which the informant might be a material witness. Zamora, 534 So.2d at 871. We find the appellee's self-serving general speculation or supposition that the informant could or would testify favorably on his behalf in case number 02-9992, without more, to be insufficient to carry this burden. State v. Carnegie, 472 So.2d 1329, 1330 (Fla. 2d DCA 1985) (finding that "conjectural quality" of defendant's stated reasons in motion and at hearing to compel disclosure of identity of informant to be insufficient to sustain order compelling disclosure). The state correctly points out that the appellee will not be prejudiced at trial since the state will not be calling the informant as a witness and because the appellee will have ample opportunity to confront and cross examine his accuser (i.e., Detective Pacheco). We therefore conclude that the trial court's order compelling the disclosure of the informant and dismissing this charge was error.
In so holding, we are not unmindful of the Second District's contrary holding based upon similar facts in McCray v. *359 State, 730 So.2d 817 (Fla. 2d DCA 1999). In that case, the Second District reversed an order denying disclosure of a confidential informant and remanded for an in-camera inspection by the trial court. Id. at 818. The defendant in that case, as in this case, was charged with selling cocaine to an undercover officer and filed a sworn pretrial motion to compel the disclosure of the informant who was present at the time. Id. at 817. The motion averred "that the confidential informant apparently knew the defendant, that the confidential informant was present when the crime transpired, that the undercover officer misidentified the defendant as the perpetrator of the crime, that the confidential informant's testimony was essential to the defense of misidentification, and that the defendant was not involved in the sale of cocaine as charged." Id. Citing its earlier decision in State v. Roberts, 686 So.2d 722 (Fla. 2d DCA 1997), the court found these sworn averments to be sufficient to warrant an in-camera hearing for the trial court to determine whether the confidential informant's testimony tended to exculpate the defendant on the misidentification issue or varied materially from the testimony of the police officer who identified the defendant at trial. McCray, 730 So.2d at 818.
With due respect to our sister court, we disagree that the identity of an informant who is a mere witness to, but a non-participant in a criminal episode must be disclosed for purposes of the Roviaro exceptions merely because the defense raises a misidentification defense. Were that the case, the police would necessarily also be obligated to ascertain the identities of all passersby or observers who happen onto the scene of criminal activity or run the risk of the dismissal of the state's charges. We, therefore, certify conflict with McCray in this regard.
Indeed, as to case number 02-9991, wherein the appellee was charged with possession with the intent to sell, manufacture or deliver cocaine and unlawful possession of a firearm by a convicted felon on the day following the alleged sale to Detective Pacheco pursuant to a search of the residence, it was error to compel the disclosure of informant's identity where the informant did not execute the search warrant affidavit against the appellee, was not present, and otherwise had no involvement in the search of the residence. See Zamora, 534 So.2d at 870; Baker v. State, 150 So.2d 729, 730 (Fla. 3d DCA 1963). Moreover, the misidentification raised by the appellee in his motion would not be a defense to the possession of the contraband and firearm discovered at a different time in a different place. See State v. Devoid, 706 So.2d 924, 925 (Fla. 2d DCA 1998).
For all of the foregoing reasons, we reverse the orders under review and remand for proceedings consistent with this opinion.
Reversed and remanded; conflict certified.
NOTES
[1] The statute provides, in pertinent part:

(1)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c)4., commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 893.13, Fla. Stat. (2001).
[2] The statute provides, in pertinent part:

(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
(a) Convicted of a felony in the courts of this state....
§ 790.23, Fla. Stat. (2001).
[3] The statute provides, in pertinent part:

(2)(a) 1. Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for:
...
q .... trafficking in cocaine ... or
r. Possession of a firearm by a felon and during the commission of the offense, such person actually possessed a "firearm" or "destructive device" as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years....
§ 775.087, Fla. Stat. (2001).