887 So.2d 1283 (2004)
Eddie SIMMONS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-2093.
Supreme Court of Florida.
November 18, 2004.
Bennett H. Brummer, Public Defender and Roy A. Heimlich, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Richard L. Polin, Senior Assistant Attorney General, Miami, Florida, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, FL, for Respondent.
PER CURIAM.
We have for review the decision in State v. Simmons, 887 So.2d 355 (Fla. 3d DCA 2003), which certified conflict with the decision in McCray v. State, 730 So.2d 817 (Fla. 2d DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we quash the Third District's decision and instruct the district court to remand this case to the trial court for further factual development so that a proper determination can be made as to whether the State must disclose the identity of a confidential informant-witness.

BACKGROUND
Eddie Simmons was charged with the "sale, manufacture, delivery and/or possession of cocaine" based upon an alleged April 4, 2002, encounter with undercover Detective A. Pacheco.[1]Simmons, 887 So.2d at 356. During discovery, the State disclosed that Detective Pacheco utilized a confidential informant to gain access to the porch where the transaction allegedly took place. See id. Based on events that occurred *1284 at the same location on the following day, April 5, 2002, Simmons was further charged with possession with intent to sell, manufacture or deliver cocaine and with unlawful possession of a firearm.[2]See id. Simmons proposed a misidentification defense to the April 4 transaction, he contended that he was not the person who sold cocaine to Detective Pacheco. See id. Simmons's defense to the April 5 charges was that he was present in the home where the drugs and firearm were found, but that he had no knowledge or possessory interest in them. See id.
Seeking disclosure of the confidential informant's identity, the defense filed a sworn motion in both cases. See id. With respect to the drug transaction, case number 02-9992, Simmons contended that "the confidential informant/tipster witnessed the sale of the cocaine to Detective Pacheco on April 4." Id. However, in case number 02-9991, Simmons stated "only that `[P]roof that a person other than the Defendant sold cocaine on April 4, would buttress the Defendant's assertion that he was present in the home on April 5 merely as an overnight guest and that he had no dominion or control over the siezed [sic] items.'" Id.
The State objected to the disclosure of the informant and filed opposition memoranda in both cases. In the memoranda, the State contended that on April 4, Simmons sold cocaine to Detective Pacheco on the porch of a residence. See id. The State also admitted that the confidential informant was used to gain access to the porch and front door of the residence, and that the informant was present at the time of the transaction. See id. Finally, the State claimed that it did not know the identity or the location of the confidential informant. See id.
The trial court conducted a hearing on the motions, at which no testimony was presented or evidence adduced. The defense argued that dismissal of both informations against Simmons was warranted because of the State's inability to produce the confidential informant. See id. at 357. In response, the State argued that dismissal was inappropriate because the State was not aware of the informant's identity or whereabouts. See id. at 887 So.2d at 357.
The trial court found that the identity of the confidential informant was sufficiently relevant to require the informant's identity. See id. at 887 So.2d at 358. The trial court subsequently dismissed both cases. On appeal, the Third District reversed the order of dismissal and certified conflict with the Second District's decision in McCray.

ANALYSIS
We accepted jurisdiction in this case based upon the Third District's certification that its decision was in conflict with the Second District's decision in McCray on the issue of whether the State is required to disclose the identity of a confidential informant who was a witness to a controlled drug buy when the defendant has asserted a defense of misidentification. This Court has recognized that in some instances the State has a limited privilege to withhold the identity of a confidential informant. See State v. Hassberger, 350 So.2d 1, 2 (Fla.1977). This privilege, however, must yield where the informant's identity is relevant and helpful to the accused, or where the identity is essential to a fair determination of the cause at issue. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).
*1285 On very similar facts, the parties contend that the Third District in Simmons and the Second District in McCray have rendered conflicting decisions. However, upon review it appears to this Court that neither the trial court nor the district court directly addressed the State's claim that it had lost track of the informant, and that it was for this reason that it was unable, not unwilling, to produce him.
Although courts have recognized that the dismissal of charges is a possible sanction for the State's failure to produce an informant, it appears that courts have been reluctant to impose the sanction of dismissal when the failure is the result of negligence, as opposed to willful conduct on the part of the State.
In State v. Pautier, 548 So.2d 709 (Fla. 3d DCA 1989), the district court held that dismissal of charges is appropriate where the State's failure to produce the informant's identity was the result of "willful noncompliance," "calculated official ignorance," or "deliberate intentional activity." However, the court noted that other alternatives should have been considered by the trial court before the ultimate sanction of dismissal was imposed, including a continuance or an evidentiary hearing to determine why the identity could not be produced. The Second District similarly held in State v. Seago, 751 So.2d 161 (Fla. 2d DCA 2000), that the trial court's failure to consider other alternatives to dismissal rendered the order of dismissal inappropriate, and the matter was remanded for consideration of other alternatives.
A similar rule has been followed in other jurisdictions. In People v. Lesiuk, 81 N.Y.2d 485, 600 N.Y.S.2d 931, 617 N.E.2d 1047 (1993), the Court of Appeals held that where a witness's unavailability is in no way the fault of the prosecution, the defendant must meet a high burden of proof when seeking to have an indictment dismissed for failure to produce an informant. The Indiana Supreme Court also echoed this sentiment in Raines v. State, 533 N.E.2d 592 (Ind.1989), when it held that in the absence of bad faith on the part of the prosecution, there was no discovery violation.
In State v. Brown, 5 Neb.App. 889, 567 N.W.2d 307 (1997), the court held that dismissal of drug possession charges was not required as a matter of law, even though the informant could not be produced. The court noted that such a determination depends on the facts of each case, and the consideration of certain relevant factors. The court said:
Relevant factors to consider when making this determination include, but are not limited to, the State's ability to successfully identify or locate an informant, the reasonableness of the State's lack of information, and the reasonableness of its efforts to acquire additional information. In addition, as discussed below, the extent of the informant's knowledge of the crime charged is a relevant factor in making this determination.
Id. at 312. In People v. Velasquez, 645 P.2d 850 (Colo.1982), the Colorado Supreme Court held that where the State failed to exercise reasonable effort to locate an informant, dismissal was appropriate.
Because the record before this Court demonstrates that neither the trial court nor the district court addressed the State's claim of its inability to produce the informant, and because we find the present record inadequate for the purpose of resolving this issue, we believe this matter should be remanded to the trial court so that a proper evidentiary hearing can be conducted, in camera if necessary, in order for the issue to be properly resolved.

*1286 CONCLUSION
The record in this case does not reflect a thorough development of the facts necessary to determine, as a matter of law, whether disclosure of the confidential informant's identity is required and whether the State is able to produce the informant. Therefore, we quash the Third District's decision and instruct the district court to remand this case to the trial court for an evidentiary hearing on these issues by an in camera hearing if necessary.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The case number relating to the April 4, 2002, charge is 02-9992.
[2] The case number relating to the April 5, 2002, charges is 02-9991.