MORRIS, Judge.
 

 Reyes Herrera Molina appeals his conviction for trafficking in illegal drugs. Because the trial court committed harmful error in not permitting the defense to comment on the State’s failure to call a witness at trial, we reverse his conviction.
 

 Molina was charged on May 22, 2009, with trafficking in illegal drugs on April 11, 2008. Molina was alleged to have sold thirty milligrams of oxycodone to an undercover officer, Detective Witt. Prior to trial, the State argued that the defense should be prevented from mentioning witnesses who were not called by the State, such as the confidential informant (Cl), but who were available to both parties. The State argued that the defense chose not to ask for disclosure of the Cl’s identity. The defense responded that it did not ask for disclosure because it did not feel that it was entitled to disclosure. The defense argued that it should be able to comment on the absence of the Cl at trial because the Cl had a special relationship with the State and was not readily available to the defense. The trial court initially ruled that the Cl was in the power of the State to produce and that the defense was therefore permitted to comment on the State’s not calling the Cl as a witness at trial.
 

 
 *236
 
 The issue came up again after the evi-dentiary portion of the trial. The trial court changed its mind and ruled that because it would have granted a defense motion to disclose the identity of the Cl, the Cl was available to both parties. Consequently, the trial court prevented the defense from mentioning in closing arguments the State’s failure to call the Cl as a witness. Defense counsel addressed the issue again later, arguing that it did not believe that the defense was entitled to disclosure of the Cl, which is why the defense did not seek disclosure. The trial court did not change its ruling. Molina was convicted as charged.
 

 On appeal, Molina argues that the trial court’s conclusion that disclosure of the Cl’s identity would have been granted was speculation because it is unclear whether Molina would have been entitled to disclosure. Molina asserts that because an in camera inspection was not conducted, the trial court could not properly determine whether Molina was entitled to disclosure of the Cl. Because the record is not clear on this point, Molina argues that the Cl was not available to both parties and that he should have been permitted to comment on the State’s failure to call the Cl at trial. Molina argues that the error was not harmless because the State’s evidence against him was not overwhelming and the defense presented a good case for misiden-tification.
 

 The trial court properly focused on whether the witness was available to both parties in deciding whether to allow the defense to comment on the State’s failure to call the Cl as a witness at trial. “ ‘[W]hen ... witnesses are equally available to both parties, no inference should be drawn or comments made on the failure of either party to call the witness.’ ”
 
 Haliburton v. State,
 
 561 So.2d 248, 250 (Fla.1990) (quoting
 
 State v. Michaels,
 
 454 So.2d 560, 562 (Fla.1984)). However, the trial court improperly concluded that the Cl was available to both parties.
 

 The State’s limited privilege of protecting the Cl’s identity may be overcome when a defendant shows that the Cl’s “identity is relevant to the accused’s defense or essential to a fair determination of the cause at issue.”
 
 McCray v. State,
 
 730 So.2d 817, 817 (Fla. 2d DCA 1999). In
 
 McCray,
 
 the defense’s motion to compel disclosure of the Cl alleged
 

 that the confidential informant apparently knew the defendant, that the confidential informant was present when the crime transpired, that the undercover officer misidentified the defendant as the perpetrator of the crime, that the confidential informant’s testimony was essential to the defense of misidentification, and that the defendant was not involved in the sale of cocaine as charged.
 

 Id.
 

 The trial court in this case apparently assumed that Molina could have argued these same facts in support of a motion to compel disclosure of the Cl. But had Molina filed such a motion, he would not have automatically been entitled to disclosure of the Cl’s identity. According to
 
 McCray,
 
 disclosure would have only been warranted if the Cl’s “testimony ... exculpate[s] [the defendant] on the mis-identification issue or varies materially from the testimony of the police officer who identified [the defendant] at trial.”
 
 Id.
 
 A determination that disclosure is warranted should only be made after an in camera hearing.
 
 See id.
 

 Because the trial court did not hold an in camera hearing in this case, the trial court had no way of knowing whether the Cl’s testimony would exculpate Molina on the misidentification issue or would vary
 
 *237
 
 materially from Detective Witt’s testimony. Thus, the trial court could only speculate whether the Cl’s testimony would warrant disclosure of the Cl’s identity.
 
 See State v. Carnegie,
 
 472 So.2d 1329, 1330 (Fla. 2d DCA 1985) (“ ‘[M]ere speculation as to the usefulness of the informant’s testimony to the defendant is insufficient to justify disclosure of his identity.’ ” (alteration in original) (quoting
 
 United States v. Estrella,
 
 567 F.2d 1151, 1153 (1st Cir. 1977))). Because the trial court did not conduct an in camera hearing to determine that the defense was entitled to disclosure of the Cl, it erred in ruling that the Cl was equally available to the defense for purposes of determining whether the defense could comment on the State’s failure to present the Cl’s testimony at trial.
 

 The supreme court has held that “ ‘an inference adverse to a party based on the party’s failure to call a witness is permissible
 
 when it is shown
 
 that the witness is peculiarly within the party’s power to produce and the testimony of the witness would elucidate the transaction.’ ”
 
 Haliburton,
 
 561 So.2d at 250 (agreeing with and quoting
 
 Martinez v. State,
 
 478 So.2d 871, 871 (Fla. 3d DCA 1985)). Here, the Cl was peculiarly within the State’s power to produce. And the testimony of the Cl would help explain the transaction for which Molina was being charged.
 

 At trial, Detective Witt testified that he received information from a Cl regarding a drug buy. He and his partner picked up the Cl and “responded to that location to conduct the drug transaction,” where they met up with the seller, who was identified at trial as Molina. The Cl was located in the front passenger seat of Detective Witt’s car. Witt exited his car, walked to Molina’s truck, and conducted a drug buy through the window. Witt testified that he asked Molina if he could get his phone number for future drug transactions, and Molina told Witt to get his number from the CL Because the Cl was the person who connected Detective Witt to Molina and because the Cl was present during the drug buy, the Cl’s testimony would have elucidated the transaction.
 
 Cf. Harris v. State,
 
 636 So.2d 137, 137 (Fla. 3d DCA 1994) (disagreeing -with the state that the Cl was not within the state’s power to produce but concluding that the Cl’s testimony would not have elucidated the transaction because the “[Cl] had only a minimal relationship with the case at all and none whatsoever with the defendant himself’). Accordingly, the defense should have been able to comment on the State’s failure to call the Cl as a witness, and the trial court abused its discretion in ruling otherwise.
 
 See Jean-Marie v. State,
 
 993 So.2d 1160, 1162 (Fla. 4th DCA 2008) (recognizing that “trial courts have discretion in regulating comments to be made in closing arguments”).
 

 We conclude that the State has not shown that the error was harmless.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986). The only identification evidence tying Molina to the offense was the testimony of Detective Witt. Witt was unable to obtain the license tag number of the truck used by the seller in the drug buy, and Witt did not testify as to any other markers used to tie Molina to this particular drug buy. The defense also elicited during cross-examination of Witt that the drug buy occurred in April 2008, a year before Molina was arrested for the offense and one and a half years before the trial in December 2009. Witt also testified that he participated in hundreds of drug buys in the years 2008 and 2009. Further, it was clear from the jury’s questions that the jury had concerns regarding the identi
 
 *238
 
 fication of the seller.
 
 [1]
 
 During opening statements, the defense told the jury that the Cl would not be testifying and that the jury would not be hearing from him. But the defense was prevented from highlighting during closing arguments the Cl’s absence at trial. Absent the trial court’s error on this issue, the defense would have been permitted to argue this more specifically or adamantly in closing argument in support of Molina’s misidentification defense after all of the evidence had been heard. In light of these considerations, there is a reasonable possibility that the error contributed to the verdict. Accordingly, we reverse Molina’s conviction and remand for a new trial.
 

 Reversed and remanded.
 

 ALTENBERND and KELLY, JJ., Concur.
 

 [1]
 

 . During deliberations, the jury asked if Molina had possession of an F-150, which is the type of truck Detective Witt said Molina drove to the drug buy. The jury also asked if Detective Witt spoke Spanish, which is the language Molina speaks, as indicated by his use of an interpreter at trial.